**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4638**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ANTHONY DALE WRIGHT, a/k/a Ant,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:08-cr-01147-HMH-1)

Submitted: July 30, 2010    Decided: October 14, 2010

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Dale Wright pled guilty, without a plea agreement, to possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Wright to a total of 168 months' imprisonment, the low end of the applicable Guidelines range. Finding no error, we affirm.

Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts there are no meritorious issues for appeal but questions the adequacy of the Fed. R. Crim. P. 11 hearing and whether the district court committed plain error in sentencing Wright to the low end of the applicable Guidelines range. Wright was notified of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a responsive brief.

Initially, counsel questions whether the district court complied with the requirements of Rule 11 but identifies no error on the court's part. As Wright did not seek to withdraw his guilty plea in the district court or otherwise preserve any alleged Rule 11 error by timely objection, review by this court is for plain error. United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); United States v. Martinez, 277

2

F.3d 517, 524 (4th Cir. 2002). To establish plain error, the defendant must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating defendant bears burden of establishing each of the plain error requirements). We have reviewed the record and conclude that the district court committed no reversible error in the Rule 11 hearing.

Counsel also questions whether the district court committed plain error in sentencing Wright to the low end of the applicable advisory Guidelines range. Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. "Procedural reasonableness evaluates the method used to determine a defendant's sentence," United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010), whereas, "[s]ubstantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C. § 3553(a) (2006)]." Id.

This court must assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. Mendoza-Mendoza, 597 F.3d at 217.

We have reviewed the record with these standards in mind. Our examination leads us to conclude that Wright's sentence is procedurally and substantively sound. Therefore, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wright, in writing, of the right to petition the Supreme Court of the United States for further review. If Wright requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Wright.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>